NEWARK AND NEW YORK TOW BOAT COMPANY, complainant,

*v.*

STAR FUEL OIL COMPANY, INC., defendant.

———

OVERPECK CREEK REALTY Co., petitioner-appellant,

*v.*

LLOYD L. SCHROEDER, receiver, and CITIES SERVICE ASPHALT PRODUCTS Co., defendants-respondents.

[Submitted October 27th, 1939.  Decided January 25th, 1940.]

*Mr. William V. Breslin,* for the appellant.

*Mr. George I. Marcus* and *Mr. I. William Aronsohn,* for the respondents.

PER CURIAM.

This is an appeal from an order of the court of chancery sustaining exceptions to the report of a special master and disallowing appellant's claim for rent of lands involved in a receivership proceeding.

The corporation in receivership is the Star Fuel Oil Company, Inc., which had occupied the premises in question, owned by appellant Overpeck Creek Realty Co., down to about November, 1937. In that month Star Petroleum Company took over the business which had been operated by the Fuel Oil Co., using the equipment theretofore used by the Fuel Oil Co. and occupying the premises of appellant. The Petroleum Co. entered into a written lease with the appellant at a monthly rental of $250. This company paid rent only for two months, November and December, 1937.

In November, 1937, the respondent Lloyd L. Schroeder was appointed receiver for the Fuel Oil Co. and shortly after his appointment he and his counsel went to the premises and demanded possession of certain chattels thereon in the possession of and in use by the Petroleum Co. upon a claim that they were the property of the Fuel Oil Co. and that a purported conveyance to the Petroleum Co. was invalid. The Petroleum Co. asserted, through its officers and counsel, that it was rightfully entitled to the chattels and denied the receiver's right to them. The chattels were left on the premises and the Petroleum Co. continued to do business, using said chattels in its business.

The Petroleum Co. did not pay its rent for January, 1938, and apparently paid no rent thereafter. The chattels remained on the premises until August 8th, 1938, when they were delivered to a purchaser at a sale, presently to be mentioned. The claim for rent here made is from January, 1938, to August 8th, 1938, an item of some $1,832.

The receiver filed a petition in the cause seeking to get possession of the chattels, but this was abandoned and a plenary bill was filed. An order to show cause was allowed with restraint against Petroleum Co. and certain individuals connected with it, but the appellant here, the landlord, was not named a party and was not restrained.

The attorney for the landlord began to demand rent and threatened to bring distress proceedings against the personal property. The result of conferences and correspondence between the parties was that the landlord refrained from its distraint and Petroleum Co. and its officers agreed to join in a bill of sale along with the receiver in order to make sale of the chattels for the sum of $16,000. The consideration received by the Petroleum Co. for its abandonment of its claim to the personal property was that from the proceeds of the sale counsel who had represented it was paid a counsel fee. The testimony is susceptible of the conclusion that the landlord refrained from distress proceedings upon the understanding, held out to counsel by the receiver and his counsel, that any claim the landlord had against the chattels could be asserted against the proceeds of the sale.

The landlord filed a petition in the cause asking rent in the sum of $1,852 for its premises "which premises were occupied by Lloyd L. Schroeder as receiver for the Star Fuel Oil Company, Inc."

The receiver, in his final report, recommended that this claim be allowed and the rent paid. Upon objection by a creditor, there was a reference to a special master to take testimony and determine whether or not there had in fact been occupancy of the premises by the receiver. The special master reported that there had been such occupancy and recommended allowance of the claim for rent.

The receiver, although he had approved this claim in his final report, filed exceptions to the finding of the special master, as did the objecting creditor. The vice-chancellor sustained the exceptions, holding that the evidence did not support a finding that the receiver had occupied the premises.

A consideration of all the proofs in the case brings us to the conclusion that the appellant has no standing to assert

the claim set forth in its petition. It does not assert that rent was due it from Petroleum Co., that the chattels belonged to that company and were susceptible to distraint, and that therefore it can press that claim, upon proper proofs, against the proceeds of the sale. Nor does it claim any contract or settlement by which it waived its right to proceed upon an absolute agreement to pay the rent. It stands upon the ground and asserts that the receiver was in possession of and used the premises during the period for which rent is claimed, and that such rent is therefore an administration expense. We are of the opinion that the proofs indicate that the receiver was never in possession of the lands. He claimed the chattels located on the lands, but that is all. The Petroleum Co. continued to do business there, for how long is not quite clear, but certainly after the receiver demanded the equipment. The receiver never conducted any business there and never used the premises. The mere fact that he permitted to remain on the lands the equipment which he claimed was in truth the property of the insolvent corporation, at a time when a lessee under a written lease was in possession of the lands and actually doing business there, would not make him an occupant of the lands liable for the payment of rent to the landlord. The finding of the court below in this respect was proper.

Appellant argues that the receiver is estopped to deny the claim in view of his conduct and that of his counsel, but we are of the opinion that nothing appears in the case that would work an estoppel to deny a claim for rent which has no basis in law or in fact, particularly in view of the fact that a creditor, against whom no estoppel is charged, vigorously pressed objection to the allowance.

The other points argued involve the taxing of costs and counsel fees against the appellant. We think the costs and fees to the objecting creditor and the special master's costs were properly allowed against the appellant. But we are of the opinion that the receiver should not have been allowed a fee and costs against this appellant. His conduct was such as to bar this right. In his report he recommended payment of the claim and now, by the order under review, receives a

counsel fee for having that part of his own report overruled. The receiver's costs and fees against the appellant are, therefore, disallowed.

With this modification, the decree is affirmed.

*For reversal*—PERSKIE, J.  1.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.  13.